IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MICHAEL J. VAN LEEUWEN, an individual,<br><br>            Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A., a national banking association, ARMAND J. HOWELL, an individual, MATHESON & HOWELL, a professional corporation, JOHN DOES 1-20<br><br>            Defendant. | **MEMORANDUM DECISION AND ORDER ON VOLUNTARY DISMISSAL**<br><br>Case No. 2:14-cv-00496<br><br>Judge Clark Waddoups |

## INTRODUCTION

Plaintiff, appearing *pro se*, filed a Notice of Dismissal on January 23, 2015, voluntarily dismissing all claims against Defendant Bank of America, N.A. without prejudice under Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure. (Dkt. No. 23.) The court terminated but then re-noticed the hearing on Defendant's Motion to Dismiss (Dkt. No. 10), which had been filed, and the hearing scheduled, before Plaintiff's Notice of Voluntary Dismissal. Plaintiff then filed an Expedited Motion to Reconsider Denial of Notice of Dismissal (Dkt. No. 25), though the court had not entered a "Denial of Notice of Dismissal" on the docket. Defendant did not respond within the timeframe allotted. Plaintiff also filed a Notice to Reaffirm Notice of Dismissal (Dkt. No. 30).

## ANALYSIS

Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure provides for a voluntary dismissal of an action by a plaintiff without a court order, subject to certain enumerated

exceptions: "the plaintiff may dismiss an action without a court order by filing: a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment". Normally, under Rule 41(a)(1)(A), a voluntary notice of dismissal under (i) or stipulated dismissal under (ii) is "self-executing, i.e., it is effective at the moment the notice is filed with the clerk and no judicial approval is required." *Janssen v. Harris*, 321 F.3d 998, 1000 (10th Cir. 2003) (quoting *Marex Titanic, Inc. v. The Wrecked & Abandoned Vessel*, 2 F.3d 544, 546 (4th Cir. 1993) and collecting cases citing to previous Rule 41(a)(1)(i), which was substantively the same as the post-2007 renumbering to Rule 41(a)(1)(A)(i)). Unless otherwise specified in the notice or stipulation, it is without prejudice. Fed. R. Civ. P. 41(a)(1)(B). Also, as Plaintiff notes in his Motion, if a defendant files a motion to dismiss rather than an answer or a motion for summary judgment, then a plaintiff retains the right to dismiss the case unilaterally under Rule 41(a)(1)(A)(i) despite the responsive briefing. *See De Leon v. Marcos*, 659 F.3d 1276, 1283 (10th Cir. 2011) (noting that because the defendant had filed a motion to dismiss rather than an answer or motion for summary judgment, the plaintiff "could have dismissed the case unilaterally under Rule 41(a)(1)(A)(i)" even though he had in fact filed a stipulated dismissal under (ii)).

The court's inquiry does not, however, end there in this case because here, Plaintiff is seeking to dismiss all *claims* against one of several defendants rather than the entire *action*. The court must therefore satisfy itself that this is procedurally acceptable under current Tenth Circuit precedent. The field is surprisingly complex on this question given the language in Rule 41(a)(1)(A), which provides that "the plaintiff may dismiss an *action* without a court order", whereas Rule 41(b)—a later provision in the same Rule—distinguishes between an action and a claim or claims: "If the plaintiff fails to prosecute or to comply with these rules or a court order,

a defendant may move to dismiss *the action or any claim* against it." Syntactically, this signals that the rule differentiates between the action and any individual claim, and it could mandate a relatively cumbersome literal interpretation of Rule 41(a)(1)(A) requiring a plaintiff to dismiss the entire action in order to comply with that portion of the Rule.

In fact, a (waning) circuit split exists on the question of whether a plaintiff must dismiss the entire action under Rule 41(a)(1)(A) or whether it can more surgically dismiss all claims against one of multiple defendants. The First, Third, Fifth, Eighth, and Ninth Circuits form the majority in holding that "Rule 41(a)(1) allows a plaintiff to dismiss without a court order any defendant who has yet to serve an answer or a motion for summary judgment." *Pedrina v. Chun*, 987 F.2d 608, 609 & n.1 (9th Cir. 1993) (collecting cases). This is because "Rule 41(a)(1) is 'designed to permit a disengagement of the parties at the behest of the plaintiff . . . in the early stages of a suit, before the defendant has expended time and effort in the preparation of his case." *Id.* at 610 (quoting *Armstrong v. Frostie Co.*, 453 F.2d 914, 916 (4th Cir. 1971)). "Permitting a plaintiff to dismiss fewer than all of the named defendants is consistent with this purpose." *Id.* The principal treatises also take this view. *See id.* at 609 n.2 (citing to 9 C. Wright and A. Miller, *Federal Practice & Procedure, Civil* § 2362 at 149-150 (1971) and 5 J. Moore, J. Lucas & J. Wicker, *Moore's Federal Practice* Par. 41.06-1, at 41-86 to 41-88 (2d ed. 1992)).

The Second and Sixth Circuits have historically taken the opposite approach based on a literal reading of the Rule. The Second Circuit has held that "Rule 41(a)(1) provides for the voluntary dismissal of an 'action' not a 'claim'; the word 'action' as used in the Rules denotes the entire controversy, whereas 'claim' refers to what has traditionally been termed 'cause of action.'" *Harvey Aluminum, Inc. v. Am. Cyanamid Co.*, 203 F.2d 105, 108 (2d Cir. 1953). Likewise, the Sixth Circuit has followed *Harvey Aluminum* on the question of whether the Rule

requires dismissal of the entire action or allows dismissal of all claims against one of multiple defendants. *Philip Carey Mfg. Co. v. Taylor*, 286 F.2d 782, 785 (6th Cir. 1961) (same).

The Second Circuit has subsequently acknowledged that "*Harvey Aluminum* has not been well received. Although its rationale is occasionally reiterated in *dictum*, subsequent cases have almost uniformly either distinguished *Harvey Aluminum*, limiting the case to its particular factual setting, or forthrightly rejected it as poorly reasoned." *Thorp v. Scarne*, 599 F.2d 1169, 1175 (2d Cir. 1979) (collecting cases). *Thorp*'s limiting treatment of *Harvey Aluminum*, however, focused on the level of discretion a judge should have in rejecting a voluntary dismissal under Rule 41(a)(1) based on the stage of the proceedings and whether the merits of the controversy had been met. As noted above, voluntary dismissal is meant to be "self-executing" because it "'strips a court of jurisdiction' in the sense that it 'terminates the case all by itself. There is nothing left to adjudicate.'" *Janssen*, 321 F.3d at 1000 (quoting *Szabo Food Serv., Inc. v. Canteen Corp.*, 823 F.2d 1073, 1078 (7th Cir. 1987)). But "Rule 41(a)(1)(i) dismissals will no longer be self-executing, as intended, if there is to be frequent judicial intervention for the purpose of determining whether the 'equivalent' of an answer or a motion for summary judgment has been served or for the purpose of weighing whether the merits have been sufficiently considered by the court to warrant terminating the plaintiff's right to dismiss the proceedings." *Thorp*, 599 F.2d at 1176; *see also Littman v. Bache & Co.*, 252 F.2d 479, 481 (2d Cir. 1958) (distinguishing *Harvey Aluminum* in holding that "[w]here, on the other hand, issue has not been joined prior to notice of dismissal, the courts have held that the dismissal may not be vacated.").

Thus, in *Thorp*, the Second Circuit recognized that *Harvey Aluminum*'s "cool reception is no doubt due in large part to the realization that while *Harvey Aluminum* may have furthered one purpose of Rule 41(a)(1)(i), that of confining dismissals to an early stage of the proceedings, it

did so at the expense of a concurrent and perhaps equally important purpose, that of establishing a bright-line test marking the termination of a plaintiff's otherwise unfettered right voluntarily and unilaterally to dismiss an action." *Id.* at 1175. *Thorp* acknowledged that "[t]he drafters of Rule 41(a)(1)(i)" did not call for "judicial involvement or the exercise of judicial discretion" in the application of the Rule, and therefore *Harvey Aluminum* was unique based on its "extreme" facts. *Id.* But *Thorp* did not address *Harvey Aluminum*'s distinction between "action" and "claim" in the application of the Rule.

Nevertheless, district courts in the Second Circuit limit *Harvey Aluminum* "to its particular factual setting" exemplifying an "extreme," *Thorp*, 599 F.2d at 1176, not only on the extent of judicial discretion involved based on the stage of the proceeding,[1] but also on the issue of a plaintiff's ability to use Rule 41(a)(1) to dismiss all claims against one of multiple defendants.[2] It does not appear, however, that *Harvey Aluminum* has been directly overturned at the Circuit Court level on its literal interpretation of the distinction between "action" and "claim" as used in the Rule, even if district courts in the Second Circuit distinguish it and allow plaintiffs

---

[1] *See, e.g.*, *Medina v. Pataki*, No. 9:06-CV-346 (LEK/GHL), 2007 U.S. Dist. LEXIS 39588, at *3-*4 (N.D.N.Y May 31, 2007) ("In *Harvey*, the Second Circuit reversed the district court's denial of a motion to vacate the notice of dismissal. The Circuit reasoned that the merits of the controversy had been 'squarely raised' after the district court had held an evidentiary hearing lasting several days and generating a record of over 400 pages and that a literal application of Rule 41(a)(1) 'would not be in accord with its essential purpose of preventing arbitrary dismissals after an advanced stage of a suit has been reached.' . . . The Circuit [in *Thorp*] held that Rule 41(a)(1) uses precise language that is intended to serve as a bright-line test marking the termination of a plaintiff's otherwise unfettered right voluntarily and unilaterally to dismiss an action and that the two hearings in *Thorp* did not justify abandoning a literal interpretation of the rule. . . . [Thus,] the courts have held that the mere expenditure of time and money by a defendant cannot prevent a Rule 41(a)(1)(i) dismissal when the conditions set forth in the Rule have been met.") (internal page citations to *Harvey* and *Thorp* omitted).

[2] *See, e.g.*, *Leroux v. Lomas & Nettleton Co.*, 626 F. Supp. 962, 966 & n.7 (D. Mass. 1986) ("where Rule 41 speaks of an 'action,' this means all of the claims against any one defendant, and not necessarily all of the claims against all defendants") (citing *Terry v. Pearlman*, 42 F.R.D. 335, 337 (D. Mass. 1967) and noting that "the treatise authorities reject *Harvey Aluminum*" because the "'[t]he sounder view and the weight of authority' suggest that a single defendant may be dismissed even if other defendants remain in the case," with citation to C. Wright and A. Miller, Federal Practice & Procedure, Civil § 2362 at 149-150 (1971)).

to dismiss all claims against any one defendant rather than requiring the plaintiff to dismiss the entire action in order to take advantage of Rule 41(a)(1)(A).

The Sixth Circuit also limited *Harvey Aluminum*, holding that "the *Harvey* rationale is without validity where the merits of the controversy have not been raised before the filing of an answer or motion for summary judgment." *D.C. Elecs., Inc. v. Narton Corp.*, 511 F.2d 294, 297-98 (6th Cir. 1975). In other words, as in *Thorp* (which followed *D.C. Elecs.*), the Sixth Circuit focused its limitation of *Harvey Aluminum* on the level of judicial discretion allowable in rejecting a voluntary dismissal based on the stage of the proceeding and whether the merits of the controversy had been joined. "Rule 41(a)(1)(i) is clear and unambiguous on its face and admits of no exceptions that call for the exercise of judicial discretion by any court. Other than to determine, should the question arise, whether an answer or a motion for summary judgment has in fact been filed prior to the filing of a notice of dismissal, a court has no function under Rule 41(a)(1)(i)." *Id.* at 298.

But the Sixth Circuit has not departed from the literal interpretation in *Harvey Aluminum* of the "action"/"claim" distinction in the Rule; rather, it has repeatedly expressly reaffirmed it. *See, e.g.*, *Letherer v. Alger Grp., LLC*, 328 F.3d 262, 266 (6th Cir. 2003) (quoting *Philip Carey Mfg. Co. v. Taylor*, 286 F.2d 782, 785 (6th Cir. 1961)), *overruled on other grounds by Blackburn v. Oaktree Capital Mgmt., LLC*, 511 F.3d 633, 636 (6th Cir. 2008) ("Rule 41(a)(1) provides for the voluntary dismissal of an 'action' not a 'claim'; the word 'action' as used in the Rules denotes the entire controversy, whereas 'claim' refers to what has traditionally been termed 'cause of action.' Rule 21 proves that 'Parties may be dropped or added by order of the court on motion' and we think that this rule is the one under which any action to eliminate . . . a party should be taken."); *see also Gibney v. State Farm Fire & Cas. Co.*, 549 Fed. Appx. 488, 490 (6th

Cir. 2013) (citing to *Philip Carey Mfg. Co.*'s treatment of the "action"/"claim" distinction in Rule 41(a)(1) in context of a contractual interpretation, noting that "'the action' reasonably connotes something broader than an individual party's claims"). Moreover, district courts in the Sixth Circuit still follow *Philip Carey Mfg. Co.*—and therefore by extension, *Harvey Aluminum*—on the "action"/"claim" distinction in Rule 41. *See, e.g.*, *Miller v. Experian Info. Solutions, Inc.*, No. 3:13-cv-90, 2014 U.S. Dist. LEXIS 85054 (S.D. Ohio June 23, 2014) (construing stipulated dismissals under Rule 41(a)(1)(A) as motions under Rule 21 based on this logic because "[t]he Sixth Circuit has held [in *Philip Carey Mfg. Co.*] that Rule 21 is the proper vehicle for the dismissal of individual parties from the action, and Rule 41, conversely, is appropriate only for dismissal of the entire action"); *EQT Gathering, LLC v. A Tract of Prop.*, No. 12-58-ART, 2012 U.S. Dist. LEXIS 120911, 2-3 (E.D. Ky. Aug. 24, 2012) ("In the Sixth Circuit, a notice of dismissal under Rule 41(a)(1)(A)(i) can only be used to dismiss all claims against all defendants, not individual claims or parties. . . . Although other circuits hold contrary interpretations of Rule 41, *see* 9 Charles Alan Wright et al., *Federal Practice & Procedure: Civil* § 2362 n.9 (3d ed. 2012) (collecting cases from the Fifth, Eighth, and Eleventh Circuits), district courts in this circuit have consistently applied Sixth Circuit precedent as limiting notices of dismissal to those that eliminate all claims against all defendants.") (collecting cases).

In recent persuasive treatment of this procedural question, a sister district within the Tenth Circuit has noted that "[t]he Tenth Circuit has not considered the appropriate mechanism for the dismissal of all claims against one defendant in a multi-defendant action." *Southcrest, L.L.C. v. Bovis Lend Lease, Inc.*, No. 10-CV-0362-CVE-FHM, 2011 U.S. Dist. LEXIS 51704, at *12 (N.D. Okla. May 11, 2011). This is true in a manner of speaking. The Tenth Circuit has, in fact, held that Rule 41(a)(1) "speaks to dismissal of an action, not just a claim within an action.

[The plaintiff] offers no authority, and we have found none, to support its contention that Rule 41(a) applies to dismissal of less than all claims in an action." *Gobbo Farms & Orchards v. Poole Chem. Co.*, 81 F.3d 122, 123 (10th Cir. 1996).

On the surface, this would seem to follow the minority approach of the Second and Sixth Circuits. But *Gobbo* is distinguishable on this precise question because the plaintiff there was only suing a single defendant. In response to the defendant's election of remedies motion, plaintiff had tried to use Rule 41(a)(1) to "voluntarily dismiss" just his negligence claim from the case on the eve of trial. A jury found in favor of the plaintiff at trial but the defendant then filed a motion for attorney fees and costs relating to the defense of the negligence claim before it was dismissed. The Tenth Circuit held that the plaintiff could not use Rule 41(a)(1) to dismiss fewer than all claims against the defendant. But because there was only one defendant in the case, the Tenth Circuit did not have occasion to consider whether Rule 41(a)(1) could be used to dismiss all claims against one of multiple defendants. Moreover, *Gobbo* cited to *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1392 (9th Cir. 1988), in which the Ninth Circuit had held that "a plaintiff may not use Rule 41(a)(1)(i) to dismiss, unilaterally, a single claim from a multi-claim complaint." Although there were multiple defendants in *Ethridge*, the plaintiff in that case was not seeking to dismiss all claims against one of multiple defendants but rather a single claim, "but without dismissing as to any of the defendants." *Ethridge*, 861 F.2d at 1392 (quoting 5 J. Moore, J. Lucas & J. Wicker, *Moore's Federal Practice* para. 41.06-1, at 41-83 to -84 (1987) for the proposition that Rule 15(a) is the appropriate mechanism for that purpose).

Of course, the Ninth Circuit later held, as noted above, and without needing to distinguish or discredit *Ethridge*, that it would follow the majority approach in holding that "Rule 41(a)(1) allows a plaintiff to dismiss without a court order any defendant who has yet to serve an answer

or a motion for summary judgment" and that, therefore, "[p]ermitting a plaintiff to dismiss fewer than all of the named defendants is consistent" with the purpose of the Rule. *Pedrina*, 987 F.2d at 609. Thus, because the holding in *Ethridge* was focused on dismissing a single claim but not any defendant, it was not in conflict with *Pedrina*. In fact, both *Pedrina* and *Ethridge* remain good law for these separate principles: *Pedrina* for the proposition that Rule 41(a) "allow[s] the dismissal of *all* claims against *one* defendant, so that a defendant may be dismissed from the entire action"; *Ethridge* for the proposition that "the Rule does not allow for piecemeal dismissals" and that "[n]othing in the case law suggests that Rule 41(a) extends to the voluntary withdrawal of individual claims against a defendant remaining in the case." *Hells Canyon Pres. Council v. United States Forest Serv.*, 403 F.3d 683, 687 (9th Cir. 2005) (citing to both *Pedrina* and *Ethridge* as the leading cases for these separate principles/scenarios) (emphasis in original). Neither should *Gobbo* be in conflict with *Pedrina*, particularly since it cited to *Ethridge* for the companion principle.

At least one district court in the Tenth Circuit has noted that *Gobbo* appears, in *dicta*, to support an argument "that Rule 41(a)(2) does not provide for piecemeal dismissal of claims, but rather applies only to dismissal of an entire action." *Southwest Casino & Hotel Corp. v. Flyingman*, No. CIV-07-949-C, 2008 U.S. Dist. LEXIS 86727, at *4-*5 (W.D. Okla. Oct. 27, 2008) (opting not to rule on this *dicta* but rather on the merits). The court finds that this ignores the distinguishing fact that *Gobbo* only involved one defendant, and the plaintiff attempted a highly unorthodox use of Rule 41(a)(1) to dismiss a single claim against that one defendant on the eve of trial. Other significant factors such as the bad faith of the plaintiff, the prejudice to the defendant, and the late stage of the proceeding contributed to the *Gobbo* holding. *Gobbo*'s citation to *Ethridge*, which remains undisturbed after *Pedrina*, is also telling.

The analysis in *Southcrest* is far more persuasive than in *Southwest Casino & Hotel Corp.*, though *Southcrest* does not cite to *Gobbo*. In *Southcrest*, the plaintiff sought leave to use Rule 15(a) to amend its complaint to remove all claims against one of the defendants in addition to numerous other changes. 2011 U.S. Dist. LEXIS 51704, at *7. One of the other defendants opposed the motion on grounds of delay, prejudice, and futility—and because "Rule 41 of the Federal Rules of Civil Procedure is the proper mechanism by which to effect dismissal of all claims against a particular defendant." *Id.* at *8-*10. The *Southcrest* court noted that "[a] circuit split exists as to the proper means by which to dismiss one defendant in a multi-defendant case; however, 'the sounder view and the weight of judicial authority' is that Rule 41 is the proper mechanism by which to dismiss all claims against one defendant." *Id.* at *10 (quoting The Late Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2362 (3d ed. 2010)) (collecting cases). The *Southcrest* court chose to follow the majority approach, "which dictates the use of Rule 41." *Id.* at *12. Whereas "[i]n cases where a plaintiff has attempted to use the Rule 41 mechanism to dismiss fewer than all claims against a defendant, courts convert the faulty Rule 41 motion into a Rule 15 motion to amend", in *Southcrest* the court therefore decided to "convert plaintiff's Rule 15 motion to exclude claims against [the defendant] as a motion to dismiss pursuant to Rule 41." *Id.*[3]

---

[3] Compare *Campbell v. Hoffman*, 151 F.R.D. 682, 683-84 (D. Kan. Oct. 29, 1993), in which the court found that "Rule 15, not Rule 41(a)(2) was the proper vehicle for the dismissal of some, but not all, claims." (quoting *In re Wyoming Tight Sands Anti-Trust*, 128 F.R.D. 121, 123 (D. Kan. 1989)). The court noted that though the plaintiff had not separately mentioned it, the scattershot dismissal of claims would in effect dismiss all claims against one of the multiple defendants, thus dismissing that defendant from the lawsuit. *Id.* at 683. The case predated *Gobbo* (which cited to *Wyoming Tight Sands* and not to *Campbell*) but also seemed to lean toward the minority interpretation of Rule 41: "Rule 41(a)(2) refers to dismissal of 'an action' as opposed to an individual claim or claims. The language of Rules 41(a)(1), 41(b), and 41(d) refer to both actions and claims, indicating that the drafters of Rule 41 drew a distinction between those two terms and intended them to have different meanings." *Id.* at 684. This is consistent with the analysis of the Second and Sixth Circuits. The *Campbell* court observed that the Tenth Circuit had not addressed the question but concluded that "Rule 41(a)(2) authorizes a plaintiff to dismiss voluntarily an 'action,' but does not apply when a plaintiff seeks to dismiss some, but not all, of his or her claims." *Id.*

In sum, the court believes that *Gobbo* is distinguishable from this case in the same way that *Ethridge* was distinguishable from *Pedrina* in the Ninth Circuit. Just as both *Ethridge* and *Pedrina* apply under their own factually distinguishable circumstances, *Gobbo* should not, in this case, block plaintiff's use of Rule 41(a)(1)(A)(i) to dismiss all claims against Defendant Bank of America, N.A. without prejudice. *Gobbo* would control if Plaintiff were attempting to dismiss fewer than all claims against any single defendant. The court finds that the majority rule should apply as to the factual scenario of *Pedrina*, allowing a plaintiff to use Rule 41(a) to dismiss all claims against one of multiple defendants, thus dismissing that defendant from the case.

## CONCLUSION

For the reasons stated above, the court is satisfied that Plaintiff's Notice of Dismissal (Dkt. No. 23) pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, voluntarily dismissing all claims against Defendant Bank of America, N.A. without prejudice, is proper. Defendant Bank of America, N.A., by virtue of that self-executing notice alone and without a separate order of the court is therefore dismissed from the case without prejudice. The court

---

(citing to *Ethridge*, 861 F.2d at 1392). Ultimately, the *Campbell* court took the opposite approach of *Southcrest* and construed the Rule 41(a) motion as a motion to amend under Rule 15(a) (rather than construing a Rule 15(a) motion as a Rule 41(a) motion, as in *Southcrest*). *Id.* The *Campbell* court also cited in *dicta* to *Pedrina*, noting that "courts and commentators have been more willing to accept the argument that Rule 41 can be utilized to dismiss one defendant or some, but not all, defendants. This court agrees that Rule 41(a)(2) can be used to achieve such a goal. Nevertheless, we need not employ such a tactic in this case since Rule 15 is also an appropriate device for dropping a party." *Id.* (internal citations omitted).

      Because *Campbell* cites to *Ethridge* as controlling, it stands to reason that *Campbell* was focused on the issue of dismissing individual claims and did not closely consider the practical effect that the dismissal at issue would remove all claims against one of multiple defendants (though this was noted in the opinion). And *Campbell* cited *Pedrina* approvingly in *dicta* for the relevant factual scenario. As noted above, *Ethridge* remains in force despite *Pedrina* because each applies to a distinguishable scenario, the former to preclude use of Rule 41 to dismiss individual claims without dismissing a defendant entirely and the latter to allow use of Rule 41 to dismiss all claims against one of multiple defendants, thus dismissing a defendant from the case. The same should control in the Tenth Circuit, with *Gobbo* (and *Campbell* and *Wyoming Tight Sands*) standing for the *Ethridge* rule but not precluding application of the *Pedrina* rule when a plaintiff wishes to use Rule 41(a)(1) to dismiss all claims against one of multiple defendants, as *Campbell* contemplated would be possible.

therefore TERMINATES AS MOOT Defendant's Motion to Dismiss (Dkt. No. 10) and also terminates the hearing scheduled for Thursday, February 26, 2015 at 2:00 p.m.

SO ORDERED this 25th day of February, 2015.

BY THE COURT:

Clark Waddoups
United States District Judge